UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIRON ELIAS,<br><br>            Plaintiff,<br><br>      v.<br><br>C/O JACOBS, et al.,<br><br>            Defendants. | Case No. 2:21-cv-06054-MWF-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I.    BACKGROUND AND SUMMARY

On July 27, 2021, Plaintiff Keiron M. Elias – who is in custody, is proceeding *pro se*, and was subsequently granted leave to proceed without prepayment of filing fees – filed an unsigned Civil Rights Complaint ("Original Complaint") based on 42 U.S.C. § 1983 ("Section 1983") and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 114 Stat. 803, 42 U.S.C. § 2000cc et seq., among other grounds.  (Docket Nos. 1, 5).[1]  Plaintiff sued five Defendants at California State Prison - Los Angeles County ("CSP-LAC") in their individual and official capacities, claimed that Defendants violated

---

[1] Plaintiff allegedly identifies as a transgender woman and generally uses female pronouns to refer to herself, so the Court does so as well.

her rights under the First and Eighth Amendments and RLUIPA by subjecting her to a strip search by male officers, and sought monetary and injunctive relief. (Docket No. 1 at 3-4, 11).

On November 11, 2021, the Magistrate Judge issued an Order ("November 2021 Order") screening the Original Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A, and 42 U.S.C. § 1997e(c). (Docket No. 8).[2] More specifically, the November 2021 Order advised Plaintiff that the Original Complaint was deficient for reasons described therein,[3] dismissed the Original Complaint with leave to amend, and directed Plaintiff, within twenty days, to file

---

[2]Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim. Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B). However, "the dismissal of a complaint with leave to amend is a non-dispositive matter." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Accordingly, a magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See id. at 797. Additionally, a plaintiff who disagrees with a magistrate judge's order, including a nondispositive order dismissing a pleading with leave to amend, may file an objection with the district judge. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting McKeever, 932 F.2d at 798). The November 2021 Order expressly notified Plaintiff that (1) the November 2021 Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the November 2021 Order if such party did not seek review thereof or object thereto. (November 2021 Order at 18 n.8). Plaintiff did not seek review of, or file any objection to the November 2021 Order.

[3]Specifically, the Magistrate Judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the Original Complaint, among other things, violated Rule 10 of the Federal Rules of Civil Procedure, failed to state a claim under the Eighth Amendment, failed to state a claim against Defendants in their official capacities, and failed to state a claim under RLUIPA.

one of the following: (1) a First Amended Complaint which cured the pleading defects described in the November 2021 Order; (2) a Notice of Dismissal; or (3) a Notice of Intent to Stand on the Original Complaint. The Court thereafter granted Plaintiff multiple extensions of time to comply with the November 2021 Order. (Docket Nos. 10-15).

On April 26, 2022, Plaintiff filed a First Amended Complaint pursuant to Section 1983 against four Defendants at CSP-LAC, sued solely in their individual capacities. (Docket No. 16 at 3-4). Plaintiff sought damages based on allegations that Defendants violated her rights under the First, Fourth, and Eighth Amendments by subjecting her to a strip search by male officers and imposing punishments for Plaintiff's resistance to the search. (Docket No. 16 at 3-13).

On June 29, 2023, the Magistrate Judge issued an Order ("June 2023 Order") screening the First Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A, and 42 U.S.C. § 1997e(c). (Docket No. 19).[4] More specifically, the June 2023 Order advised Plaintiff that the First Amended Complaint was deficient for reasons described therein,[5] dismissed the First Amended Complaint with leave to amend, and directed Plaintiff, within twenty days, to file one of the following:

---

[4] See supra note 2. The June 2023 Order expressly notified Plaintiff that (1) the June 2023 Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the June 2023 Order if such party did not seek review thereof or object thereto. (June 2023 Order at 18 n.8). Plaintiff did not seek review of, or file any objection to the June 2023 Order.

[5] Specifically, the Magistrate Judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the First Amended Complaint violated Rule 8 of the Federal Rules of Civil Procedure and failed to state a claim for violation of the First Amendment, the Fourth Amendment, the Eighth Amendment, and the Fourteenth Amendment, and that Plaintiff's challenge to her disciplinary proceedings may be barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

(1) a Second Amended Complaint which cured the pleading defects described in the June 2023 Order; (2) a Notice of Dismissal; or (3) a Notice of Intent to Stand on the First Amended Complaint. (Docket No. 19 at 8-20).

Plaintiff thereafter sought an extension of the deadline to comply with the June 2023 Order and a stay. (Docket Nos. 20, 21). At Plaintiff's request, this action was stayed between November 9, 2023 and June 18, 2024. (Docket Nos. 21, 22, 28). On June 18, 2024, the Court lifted the stay and directed Plaintiff to comply with the June 2023 Order by July 18, 2024. (Docket No. 28).

On July 24, 2024, Plaintiff filed a Second Amended Complaint against the following four Defendants at CSP-LAC: Correctional Officer ("C/O") Jacobs, C/O Galvan, Lt. Johnson, and Associate Warden Williams and/or Warden Hor[n]. (Docket No. 30). Defendants Jacobs and Galvan were sued solely in their individual capacities, while Defendants Johnson and Horn were sued in their individual and official capacities. (Docket No. 30 at 3-4). Liberally construed, the Second Amended Complaint claimed that Defendants violated Plaintiff's religious rights under the First Amendment and RLUIPA, as well as her Eighth Amendment rights to be free from excessive force and deliberate indifference to her serious medical needs, by subjecting her to a strip search by male officers (Jacobs and Galvan), and by imposing punishments for Plaintiff's resistance to the search. (Docket No. 30 at 3-17). Plaintiff sought a total of $30 million in damages as well as injunctive relief terminating a Rules Violation Report. (Docket No. 30 at 17-18).

On May 29, 2025, the Magistrate Judge issued an Order ("May 2025 Order") screening the Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A, and 42 U.S.C. § 1997e(c). (Docket No. 33).[6] More specifically, the May

---

[6] See supra note 2. The May 2025 Order expressly notified Plaintiff that (1) the May 2025 Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed
(continued...)

2025 Order advised Plaintiff that the Second Amended Complaint was deficient for reasons described therein,[7] dismissed the Second Amended Complaint with leave to amend, and directed Plaintiff, within twenty days, to file one of the following: (1) a Third Amended Complaint which cured the pleading defects described in the May 2025 Order; (2) a Notice of Dismissal; or (3) a Notice of Intent to Stand on the Second Amended Complaint. (Docket No. 33 at 10-23). The May 2025 Order also expressly cautioned Plaintiff – in bold-faced print – that Plaintiff's failure timely to file a Third Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Second Amended Complaint by the foregoing deadline may be deemed Plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth in the May 2025 Order, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with the May 2025 Order. (May 2025 Order at 23).

The Court thereafter extended Plaintiff's deadline to comply with the May 2025 Order to September 2, 2025. (Docket Nos. 35, 36). On September 16, 2025, Plaintiff signed a "Notice of Delay to Respond to Court Order(s)" – which was

---

[6](...continued)
with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the May 2025 Order if such party did not seek review thereof or object thereto. (May 2025 Order at 22 n.12). Plaintiff did not seek review of, or file any objection to the May 2025 Order.

[7]Specifically, the Magistrate Judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the Second Amended Complaint, among other things, violated Rule 8 of the Federal Rules of Civil Procedure, failed to state a claim for violation of Plaintiff's religious rights under the First Amendment or RLUIPA, and failed to state an Eighth Amendment claim, and that Plaintiff's challenge to her disciplinary proceedings may be barred by Heck.

formally filed on September 23, 2025 – claiming that she had been delayed for a variety of reasons and indicating that she would file a response no later than September 23 or 24, 2025. (Docket No. 37). Plaintiff has not since communicated with the Court in this action.

As the foregoing history reflects and notwithstanding the Court's extraordinary patience, to date – more than three months after Plaintiff's extended deadline to do so – Plaintiff has not complied with the May 2025 Order. More specifically, she has failed to file a Third Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Second Amended Complaint.

As discussed below, this action is dismissed due to Plaintiff's unreasonable failure to prosecute and her failure to comply with the Court's May 2025 Order.

## II.   PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

1 alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to
2 prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).
3 Dismissal is appropriate under the foregoing analysis "where at least four factors
4 support dismissal . . . or where at least three factors 'strongly' support dismissal."
5 Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations
6 omitted).

7 Where a plaintiff is proceeding *pro se*, however, the court must first notify
8 the plaintiff of the deficiencies in the complaint so that the plaintiff has an
9 opportunity "to amend effectively."  Ferdik, 963 F.2d at 1261 (citation omitted).  In
10 addition, where a Magistrate Judge originally dismissed the complaint with leave to
11 amend, the District Judge must review that decision before dismissing the entire
12 action.  See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss
13 complaints with leave to amend, the district court necessarily must review that
14 decision before dismissing the entire action.").  A District Judge may not dismiss
15 an action for failure to comply with a court order or for unreasonable failure to
16 prosecute if the initial decision to dismiss a complaint was erroneous.  Yourish v.
17 California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

18 **III. DISCUSSION AND ORDER**

19 First, the Court has reviewed the November 2021 Order dismissing the
20 Original Complaint, the June 2023 Order dismissing the First Amended Complaint,
21 and the May 2025 Order dismissing the Second Amended Complaint, and finds
22 that such orders adequately and properly notified Plaintiff of the deficiencies in the
23 Original Complaint, the First Amended Complaint, and the Second Amended
24 Complaint and afforded Plaintiff an opportunity to amend effectively.  This Court
25 agrees with and adopts the November 2021 Order, the June 2023 Order, and the
26 May 2025 Order and finds that the Magistrate Judge properly dismissed the
27 Original Complaint, the First Amended Complaint, and the Second Amended
28 ///

Complaint with leave to amend for the reasons discussed in the November 2021 Order, the June 2023 Order, and the May 2025 Order.

      Second, dismissal is appropriate based upon Plaintiff's failure to comply with the May 2025 Order and the failure to prosecute. The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to the Defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal. As noted above, Plaintiff has been notified of the deficiencies in the Second Amended Complaint and has been given ample opportunity to amend it, to dismiss it, or to notify the Court that she wishes to stand thereon. She has done none of those things. See Edwards, 356 F.3d at 1065. The third factor, risk of prejudice to the Defendants, also weighs strongly in favor of dismissal. See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. As for the fifth factor, since Plaintiff has already been cautioned of the consequences of her failure to prosecute and her failure to comply with the May 2025 Order by the deadline to do so, and has been afforded ample opportunity to avoid such consequences but has not timely responded, no sanction lesser than dismissal is feasible. See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

///
///
///

      IT IS THEREFORE ORDERED that this action is dismissed based upon Plaintiff's unreasonable failure to prosecute and her failure to comply with the May 2025 Order.

      IT IS SO ORDERED.

DATED: December 22, 2025

_____
MICHAEL W. FITZGERALD
United States District Judge